■ In the Matter of MOTOR VEHICLE ACCIDENT INDEMNIFICATION COR-PORATION, Respondent, v. ROBERT MARRERO, an Infant, by CARMEN MARRERO, His Guardian ad Litem, Appellant.— Appeal by Robert Marrero, an infant, by his guardian ad litem, from an order of the Supreme Court, Kings County, entered July 20, 1964, which granted the application of the petitioner, the MVAIC, to vacate and set aside a prior order of said court approving the compromise of the infant's claim against MVAIC pursuant to section 613 of the Insurance Law. Order affirmed, without costs. In our opinion, the notice referred to in the statute (Insurance Law, § 613) contemplates the service upon the MVAIC of a copy of the motion papers for the settlement. Such service is a condition precedent for the court's approval of the settlement. Under the circumstances here it may not be said that the MVAIC waived such condition or is estopped from urging noncompliance therewith. Ughetta, Christ, Brennan and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and to deny the MVAIC's application, with the following memorandum: On June 13, 1960 the infant plaintiff was struck by a vehicle driven by an uninsured motorist. It is not disputed that MVAIC offered $8,000 in settlement of the claim, and that on September 11, 1963 such offer was accepted by claimant. On September 17, 1963 MVAIC notified claimant's attorney that the claimant had complied with all the requirements of section 608 of the Insurance Law and that it consented to the $8,000 settlement, subject

to the approval of the court as provided in section 613 of the Insurance Law. Thereafter, on November 12, 1963 an order of compromise was signed, based on the said recommendation and consent of MVAIC. However, the petition for the order was not served on MVAIC, as provided by said section 613. On December 14, 1963 MVAIC received a certified copy of the order. Five months later, namely, on May 20, 1964, MVAIC moved to vacate the said order on the ground that, if it had received notice of the application therefor, it would have opposed the motion because it had not been apprised by claimant that he had an action pending against the City of New York arising out of the same accident — a fact which it asserts would have affected or aborted its settlement negotiations. In my opinion, vacatur of the order of compromise was improper under the circumstances of this case because: (1) prior to the submission of the petition and order of compromise the MVAIC knew that an application for the order would be made and, in fact, sent claimant's attorney its recommendation and consent, without which the order could not have been signed (Insurance Law, § 613); (2) MVAIC knew on December 14, 1963 that the order had been signed on November 12, 1963; (3) MVAIC waived the requirement of prior notice of the application by waiting more than a reasonable time before it moved to vacate the said order; (4) MVAIC had no valid basis on which to oppose the order; (5) there had been compliance with all the statutory conditions precedent to a lawful settlement; (6) MVAIC concededly made the settlement offer of $8,000; (7) it was found by a court after hearings on April 27 and May 4, 1964 that MVAIC had notice of the claim pending or contemplated against the City of New York; and (8) MVAIC entered into the settlement agreement with full knowledge of that claim.